Case No. 09-1644, Robin Foreman v. Gunite Corporation Good morning, your honors. Bill Cacciatore of Rockford. I represent the plaintiff, Palomino. Good morning. Muhammad Mahbub. Thank you. I'm pleased to report this case, as you know, involves the issue of proximate costs, and we have taken this appeal because we believe, and it is our position, that there is no other case that we could prove to a jury, and it is a question of fact for the jury, proximate cost, and I would like to go over some of those facts that we deem circumstantial evidence in this case. One is that we have a witness by the name of Joe Grossman, who worked for the same employer as the plaintiff in this case. He witnessed his truck, and the truck in question, all of them were the same. They had Volvo cabs, and they had trailers approximately 48 feet long, and they were loaded at Gunite in Rockford, Illinois, and would take certain brake drums and that type of thing to Elkhart, Indiana. What's important in this case, I think, is actually very crucial in this case, is that on this particular day, May 18, 2001, Gunites loaded their trucks, all the trucks in question, with half a load, approximately 24,000 pounds. Here to four, they had always made a full load for each driver to haul from Rockford, Illinois to Elkhart, Indiana. Why is that important? We submit it's important because when you have a full load, you don't have to worry about a load shifting in the truck, particularly in ramps and things of that nature, where the load might shift. But on this day, May 18, 2001, Joe Grossman stated that his vehicle, his truck and trailer were loaded right down the middle. Also important is that there was nothing inside these trailers to secure the loads in question. Now, Joe Grossman testified. Can I interrupt you, counsel? Yes. Just, I know it's de novo review, and we really don't give deference to the circuit court's ruling, but how would you describe what the circuit court ruled that no material fact question existed based on the deposition of the plaintiff who had memory loss arising from the actual incident? Good question. Of course, there was other, first of all, there was other evidence in addition to the plaintiff in this case, which I think can prove his case. But as you know, he had serious injuries in this accident, including brain damage. One thing, though, that I think is uncontroverted, at the scene of the accident, he told the state trooper that his truck was leaning, and when he turned on the ramp, it rolled over and he crashed. My concern is that it seems that the circuit court imposed, is going to treat those who suffer injuries and are unable to happen in a deposition, although the complaint definitely makes the claim that approximate cause existed, that there's going to be a different standard, that there's going to be a higher burden, that either the plaintiff must testify according to its complaint, or it's going to suffer a dismissal of the case. Well, I'm sorry that the trial court took that position, frankly, because we know that what do you do in death cases? Wrongful death cases. That's another example. And I'm shocked that also the trial court, and with all due respect to the trial judge, that she said she did not have to use Joe Grossman's deposition to enter her order for summary judgment for the defendant. There are a few cases where you actually have witnesses, and these witnesses, that can corroborate, if you will, circumstantial evidence. Well, besides circumstantial evidence, didn't you have the state trooper who testified as to what your client said at the time, that the truck was leaning to the side? Absolutely, Your Honor. It would have been helpful if you had an expert. I don't think so in this case, and I do personal injury, and I'll tell you what. We had one case in the briefs where they hired an expert, and I think that's the case where the plaintiff was driving the truck, and the trainer was in the back sleeping, and they had an expert to try to testify as to what caused the accident. I don't think an expert in this case could do anything more than rely upon the testimony of Joe Grossman and other people, and that truck's were leaning. They all were leaning because of the load. So Joe Grossman was your expert? Well, he certainly had 12 to 15 years of experience, had worked for five years, yes, Your Honor. And if there was an expert that maybe should have been presented, maybe the corporation should have brought an expert to testify that based on its review of the accident scene, excessive speed was the cause and not the shifting of the load. They didn't present an expert, did they? None. And this is a very, very serious injury case, and I just think that to preclude us from going to the jury and present the circumstantial evidence in this case, and as well as the testimony of Plaintiff Robin Foreman to the state trooper, just immediately, you know, following this accident, I think that that's why we filed our brief to ask this honorable court to reverse the judgment for the defendant and send us back to the trial court because we would like to present this case to the jury. Thank you. May it please the court, on behalf of Gunitech Corporation, this is a case of speculation. One man's speculation is another man's question of fact, and you've got to convince us that it's speculation and not a material question of fact. Proximate cause, if you're going to use proximate cause, and you're going to use circumstantial evidence to prove proximate cause, the circumstantial evidence has to lead to one reasonable conclusion. In this case, the circuit court judge identified a number of reasonable multiple conclusions. What are they? One could have been excessive speed. Did we have any evidence that suggested excessive speed was at fault? We do. We have the committee that was formed by Gunitech Corporation to investigate this accident. But how did they come up with the conclusion that he sped when they didn't see the accident? They don't go look at the truck, and they don't question anyone. And they come up with that decision, what, two years later, that the opinion is written that he was speeding? They actually did talk to the plaintiff. They actually did talk to the trooper. And didn't the plaintiff, according to one of the gentlemen say, the load shifted and the truck leaned over? What the plaintiff told the trooper, number one, is an admissible hearsay. Well, we decided it's an excited utterance as opposed to inadmissible hearsay. I mean, what we were talking about was the points that showed it could be something else. And I asked, where did the opinion come that there was excessive speed other than speculation? Well, the other one is he was cited for improper lane usage, and he pled guilty to that citation. And that's admission on his part. So that's another reason the court looked at. Improper lane usage on the ramp itself? Absolutely. His citation, he got a court citation for improper lane usage because he was on the ramp, and all the troopers said. Did the improper lane usage arise from his loss of control over his truck? That's the speculation. It's a question of what he heard. Did he lose his control over the truck, or did he improperly use the lane? Plaintiff has the burden to prove proximate cause, or at least establish the initial leverage for proximate cause. They have no direct evidence. They have a testimony to Mr. Grossman. Mr. Grossman did not even witness plaintiff's load being loaded, did not witness the actual accident, did not interview anybody, did not talk to the plaintiff, did not talk to even the employees. All he says is my load was leaning as well. That's the basis. No, that's not all he says. He says that there are two other guys, truck drivers who are driving the same trucks as him, and he sees their trucks both leaning, actually them touching each other. And he looks inside of their load, and their loads are also halfway filled. And then, I forgot what you call that, but whatever the form is that shows what's inside each truck, the plaintiff's form says he had a half load. Right. No, there's no dispute it was a half a load. But the fact that other trucks were leaning doesn't mean that plaintiff's truck was leaning as well. I mean, we don't have a history of this type of incident where the truck got loaded with a half load, and they're always leaning. But if the trailer was going to lean, it seems reasonable to conclude that it would lean in the course of driving up a ramp that, you know, causes the leaning. Which leads me to the point that another cause of reasonable inference might or could be the excessive speed, might or could be the improper lane usage, might or could be other issues that the court realized. I mean, we did in the court, and don't we have in a de novo review the evidence that this young man drove this route five or six times a week, every week for a year, and never had a complaint about how he drove his truck. Didn't get any tickets doing it. With full loads. And this is the first time he has a half load. You also have testimony from the plaintiff himself that he inspected the load, approved it. If he wanted to secure the load, it was his obligation to secure the load. So he took the load out there. He's the one that's the truck driver, so he's fully aware that he has a half a load on, and it's his responsibility to drive reasonably. Sounds like contributory negligence, and that could be addressed during the course of the trial. Yeah, let me bring it back. I mean, the issue is the circumstantial evidence and the issue of proximate cause. What circumstantial evidence does the plaintiff have here? They have the affidavit. There's no testimony from State Trooper Wise. The affidavit of State Trooper Wise, it basically says what the police report says. The police report says plaintiff told me his truck was leaning. It was not an excited utterance. State Trooper Wise did not come until 15, 20 minutes after the accident, so it wasn't an excited utterance. The judge looked at that and realized that this would never be admissible at the time of trial because it is hearsay. Do you have a case that says 20 minutes is too long to declare an utterance excited? I do not have a case. I did not look into that issue. Couldn't it simply be maybe it was an excited utterance, and we don't have to decide either way. We just have to say it's not clear to us that some of these judgments should have been granted. Even if you take State Trooper Wise, let's say he does testify and that's what he testifies to, you still come back to this circumstantial evidence does not lead to one reasonable conclusion. There are multiple other reasonable conclusions that don't point to the defendant's actions. You said there are multiple, but the only one you mentioned is speed. Speed and improper lane usage that he got excited for. Which way does that argument cut? Doesn't that cut in favor of letting the case go to trial as opposed to cutting it off in a summary judgment proceeding? I don't agree. The judge is the gatekeeper of the evidence, and you can't allow the jury to speculate as, well, was it speed, was it improper lane usage, was it the load shifting? You are telling the jury here are multiple reasonable probable causes of this accident. Jury, you choose based on which three you want to pick. That's speculation. That is the definition of speculation. Multiple cases from this honorable court identify these issues of, well, if you let the jury pick between multiple inferences, you're allowing the jury to speculate. So the judge is the gatekeeper of the evidence. She reviewed the evidence. She looked at the testimony or the affidavit of the trooper. The testimony of Mr. Grossman and said, if we give this to the jury, the jury is going to speculate as to the liability and damages and things of that nature. So she did the right decision. And even if you take Joe Grossman's testimony as true and in light most favorable to the plaintiff, I say he benefits the defendant in this case because he now interjects another probable cause to this accident. So to point to one probable cause, one inference, you're asking the jury to speculate. This case is based on speculation. They have not proved a proximate cause, and you don't have the proper sufficient evidence or circumstantial evidence. In the cases that we cite, and I'm sure the court is familiar with them, there's a plethora of cases about these issues about speculation and what can and can't be admissible. Other cases similar to this that have held that they're not going to be, even in the extent judged, where they had experts, and experts were not able to testify because their testimony was based on speculation. To assume what happened inside that trailer and what caused that load to shift, even if it shifted as well, there's no testimony that it did shift. All we have is he was on the ramp, going up the ramp. So it's speculation. The plaintiff, in fact, has no criticisms. I mean, isn't the trooper's testimony that the driver told him at the time that it shifted, I mean, isn't that evidence? The trooper never testified. There's no deposition of the trooper. It's an affidavit in his police report. The affidavit. Yeah. In his police report, he says the truck was leaning. It doesn't say the load shifted. It says the truck was – driver told me truck was leaning. Nobody would know. And here's an example of what a reasonable inference is. If the trailer is leaning, nobody would know that the load has actually shifted unless you look inside to see whether or not it shifted. But a reasonable inference is that the load is shifting. That's why the trailer is leaning. And another reasonable inference is – And on a ramp that's not straight. And that's another reasonable inference is because of the excessive speed, it was his actions that caused it to shift. Except there's no evidence. But you're conceding that the load did shift. I'm not conceding the load did shift. Well, that's – excessive speed doesn't explain anything except that it could have caused the load to shift. It doesn't by itself explain a trailer leaning. Well, that's why – The only explanation is that the load has shifted. Not an explanation. Another reasonable inference, like I stated, is it could have been the driver's error. The act of the driver. He's on this ramp, and he's driving too fast for conditions. And that's what he caused the load to shift. And what are the conditions? There's no evidence of the conditions. If it's wet, if it's dry, if it's snowy, if it's sunny and bright. It's plaintiff's burden in this case. I mean, when the question was raised, why don't the defendants have an expert, plaintiffs never provided an expert, so we didn't feel the need to provide an expert.  I don't have the burden in this case to prove my case. Plaintiff is provided support with speculative evidence, evidence that lacks foundation. You have no burden whatsoever. No, I've got a burden to defend my case, but I don't have a burden to prove the counts of negligence that plaintiff is alleging against the defendant in this case. What I have here – Except you have a burden when you put forth a summary judgment motion. Absolutely. It is your burden to establish that there are no material facts at issue. Absolutely. And we have. And we have. Look at what has been cited. What has been cited is the hearsay statement, the hearsay statement of police or trooper wise, and the hearsay statement that lacks foundation of Joe Grossman, an individual that at the moment is not an expert, has not been disclosed as an expert, expert discovery has closed, and his testimony is based on speculation. That's what we have. We have those two individuals. And does that – even if you take their testimony as true, it supports the defendant in this case because it causes multiple reasonable inferences as to the cause of this accident that are beyond, doesn't relate, there's no nexus with respect to the defendant's actions in this case. So I would ask the panel, the judges, to affirm the decision of the trial court. Thank you. Thank you. Do you have any rebuttal? As to Joe Grossman, the briefs indicate that five years he was with this trucking company and 12, 15 years as a truck driver, tractor trailer, and he even was in the military and drove trucks with heavy equipment. I don't know if anybody could be more qualified about the issues in this case than Joe Grossman, okay? But saying there's no other evidence, how about the other truck drivers that were down there? How about the two that were in Elkhart where the two trucks, the trailers were tilting so they could barely get to the dock? I mean, I think there's abundance. And, you know, NIPI permits circumstantial evidence. I respectfully submit that I think our briefs are pretty clear. I think there's abundance of circumstantial evidence. The cases that this Court has affirmed, the summary judgment, there is absolutely no evidence and no circumstantial evidence, and that's why those cases were affirmed. In this case, there is overwhelming, I respectfully submit, substantial circumstantial evidence for plaintiff for this honorable court to reverse the motion, the order for summary judgment, send it back there, and give Robin Foreman a chance to present this case to the jury. Thank you. Well, thank you very much. We will take this case under advisement. Court is adjourned.